UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EDWARD LEE,

       Plaintiff,                                        No. 14-11722

v.                                                    District Judge Matthew F. Leitman
                                                      Magistrate Judge R. Steven Whalen

SAI LI, ET AL.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

On April 30, 2014, Plaintiff Robert Edward Lee filed a *pro se* civil complaint against Dr. Sai Li, a psychiatrist at the Center for Forensic Psychiatry. On August 1, 2014, he amended his complaint to add Eli Lilly Corporate Center ("Eli Lilly") as a Defendant [Doc. #5]. The case has been referred for all pretrial proceedings, including filing Reports and Recommendations as to dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed the amended complaint, I recommend that the Court now dismiss it *sua sponte* as to Defendant Eli Lilly Corporate Center, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), for failure to state claims upon which relief may be granted.

**I.  FACTS**

In his original complaint, Mr. Lee alleged that while he was a patient at the Center for Forensic Psychiatry ("CFP"), Dr. Sai Li, a psychiatrist, forced him to take medication that caused impotence, specifically Zyprexa. According to a psychiatric report appended to the complaint, Mr. Lee was referred to the CFP after being adjudicated incompetent to stand trial on one count of assault with intent to do great bodily harm less than murder and one count of felonious assault. The report confirms that he was prescribed Zyprexa.

-1-

Appended to the complaint is a letter to Mr. Lee, dated November 19, 2013, from Nurse Practitioner Jacqueline M. Stoll of Detroit Central City Community Health, Inc. ("DCC"), stating that Mr. Lee received Zyprexa from January 17, 2013 until February 14, 2013, when he "reported difficulties with erectile dysfunction ('ED')." Stoll wrote that the Food and Drug Administration reported ED as a "known possible side effect" of Zyprexa. On March 14, 2013, DCC prescribed Risperdal, another psychotropic medication.

The claim against Eli Lilly, as set forth in Mr. Lee's amended complaint [Doc. #5], is sketchy. He states that Eli Lilly is harassing and annoying him. He recounts discussions with Eli Lilly customer service workers regarding his apparently unsuccessful attempt to get a second free voucher for Cialis. He claims to be afflicted with "mental distress or agitation." In his prayer for relief, he asks for treble damages based on an antitrust violation.

## II.   LEGAL PRINCIPLES

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir.1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir.

2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, it is held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001). Moreover, in order to state a claim on which relief may be granted, a plaintiff must plead facts that sufficiently meet the "plausibility" standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), which the Supreme set forth as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III. DISCUSSION

Mr. Lee has not stated a federal claim against Eli Lilly. He has not cited a basis in federal law–or indeed, in Michigan law– to support his claim that Eli Lilly was required to give him a voucher for free Cialis. If he is claiming that Eli Lilly somehow breached a contract or offer to provide free samples of the drug, that claim would be contradicted by the "trial voucher" appended to Mr. Lee's amended complaint [Doc. #5], which plainly states, "This voucher is being provided to you by Lilly USA, LLC, for 1FREE TRIAL of

CIALIS (tadalafil) tablets....*this offer may be terminated by Lilly USA, LLC, at any time.*" (Emphasis added).

Nor has Mr. Lee stated a plausible State law products liability claim regarding his use of Zyprexa, which is also manufactured by Eli Lilly. Because Zyprexa is a drug that has been approved for use by the Food and Drug Administration ("FDA")–and Mr. Lee does not claim otherwise–Eli Lilly is statutorily immune from a products liability action. In this regard, M.C.L. § 600.2946(5) provides as follows:

> In a product liability action against a manufacturer or seller, a product that is a drug is not defective or unreasonably dangerous, and the manufacturer or seller is not liable, if the drug was approved for safety and efficacy by the United States food and drug administration, and the drug and its labeling were in compliance with the United States food and drug administration's approval at the time the drug left the control of the manufacturer or seller. However, this subsection does not apply to a drug that is sold in the United States after the effective date of an order of the United States food and drug administration to remove the drug from the market or to withdraw its approval. This subsection does not apply if the defendant at any time before the event that allegedly caused the injury does any of the following:
>
> (a) Intentionally withholds from or misrepresents to the United States food and drug administration information concerning the drug that is required to be submitted under the federal food, drug, and cosmetic act, ... and the drug would not have been approved or the United States food and drug administration would have withdrawn approval for the drug if the information were accurately submitted.
>
> (b) Makes an illegal payment to an official or employee of the United States food and drug administration for the purpose of securing or maintaining approval of the drug.

Again, Zyprexa has been approved for use by the FDA. Mr. Lee does not allege that any of the statutory exceptions to immunity apply. In *Zammit v. Shire US, Inc.,* 415 F.Supp.2d 760, 765 (E.D.Mich. 2006), the court explained the immunity provision as follows:

> "As the Michigan Supreme Court has observed, a predecessor statute 'provided that evidence showing compliance with governmental or industry

-4-

standards was admissible in a products liability action in determining if the standard of care had been met .' *Taylor v. SmithKline Beecham Corp.,* 468 Mich. 1, 658 N.W.2d 127, 130 (2003) (citations omitted). The above-cited 1995 enactment 'went one step further,' however, 'and provided that compliance with federal governmental standards (established by the FDA) is conclusive on the issue of due care for drugs.' *Taylor,* 658 N.W.2d at 130."

In short, Mr. Lee has not stated any plausible claim against Eli Lilly, and his complaint as to Eli Lilly lacks any arguable basis in law or fact. Therefore, this Defendant should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. CONCLUSION

For these reasons, I recommend that the Court *sua sponte* dismiss Mr. Lee's complaint as to Defendant Eli Lilly.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: October 27, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 27, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager to the<br>
Honorable R. Steven Whalen