UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE,

    Plaintiff,                                  Case No. 14-cv-11722
                                            Hon. Matthew F. Leitman

v.

SAI LI, et al.,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #19)

On April 30, 2014, Plaintiff Robert Lee ("Lee") filed a Complaint against Defendant Dr. Sai Li, a psychiatrist at the Center for Forensic Psychiatry. (*See* Complaint, ECF #1.) The Court thereafter referred this action to the Magistrate Judge for all pretrial proceedings. (*See* ECF #3.)

Lee then filed a First Amended Complaint in which he named Defendant Eli Lilly Corporate Center ("Eli Lilly") as an additional Defendant. (*See* First Amended Compl., ECF #5.) Lee appears to accuse Eli Lilly of harassment, and he claims that Eli Lilly failed to provide him a free voucher for the prescription medication Cialis. (*See id.*)

On October 27, 2014, the Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss Lee's claims against Eli

1

Lilly.  (*See* the "R&R," ECF #18.)  The Magistrate Judge concluded that "Mr. Lee has not stated any plausible claim against Eli Lilly, and his complaint as to Eli Lilly lacks any arguable basis in law or fact."  (*Id.* at 5, Pg. ID 138.)  The Magistrate Judge then informed Lee that "[a]ny objections to this Report and Recommendation must be filed within fourteen (14) days…" (*Id.*)  The Magistrate Judge told Lee that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal," and that the "[f]iling of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation."  (*Id.*)

Lee has now filed a motion to extend the time by which he must file his objections to the R&R.  (*See* ECF #19.)  It appears that Lee is claiming that he needs additional time because he "became ill" and because he may be awaiting additional information he has requested via the Freedom of Information Act.  (*See id.* at 1-2, Pg. ID 140-141.)

Having reviewed Lee's motion, **IT IS HEREBY ORDERED THAT** Lee's request for additional time to file objections to the Magistrate Judge's R&R is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Lee's objections must be filed with the Court no later than **December 3, 2014.**  To be clear, the Clerk of the Court must **receive** Lee's objections no later than December 3, 2014.  Lee must therefore

submit and/or mail to the Court any objections sufficiently in advance to ensure that the Court receives the objections no later than December 3, 2014.

Each of Lee's objections must **specifically and precisely identify** the provision of the R&R to which the objection pertains. Lee is cautioned that the failure to lodge specific objections to the Magistrate Judge's R&R constitutes a waiver of both his right to object and his right to appeal. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985). As this Court has previously held, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). This finding is fully consistent with precedent from the United States Court of Appeals for the Sixth Circuit. That court has held that "the filing of vague, general, or conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009). Indeed, "[a] general objection to the entirety of the magistrate's report has the same effects as would failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless … The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* (quoting *Howard v.*

*Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 2001)).  Consistent with this precedent, the Court will not consider the merits of any vague, general, or conclusory objections to the R&R.

                                            s/Matthew F. Leitman
                                            MATTHEW F. LEITMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2014

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2014, by electronic means and/or ordinary mail.

                                            s/Holly A. Monda
                                            Case Manager
                                            (313) 234-5113