UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE,

    Plaintiff,                                            Case No. 14-cv-11722
                                                         Hon. Matthew F. Leitman

v.

SAI LI, et al.,

    Defendants.

_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF #18),
OVERRULING PLAINTIFF'S OBJECTIONS TO
THE REPORT AND RECOMMENDATION (ECF #21), AND DISMISSING
CLAIMS AGAINST DEFENDANT ELI LILLY CORPORATE CENTER</u>**

On April 30, 2014, Plaintiff Robert Lee ("Lee") filed a *pro se* Complaint against Defendant Dr. Sai Li, a psychiatrist at the Center for Forensic Psychiatry. (*See* the "Complaint," ECF #1.) Lee thereafter filed a First Amended Complaint in which he named Defendant Eli Lilly Corporate Center ("Eli Lilly") as an additional Defendant. (*See* the "First Amended Complaint," ECF #5.) In the First Amended Complaint, Lee appears to accuse Eli Lilly of harassment, and he seems to claim that Eli Lilly failed to provide him a free voucher for the prescription medication Cialis. (*See id.*) It also appears that Lee is alleging that Eli Lilly failed to warn him of certain side effects of Cialis. (*See id.*)

1

On October 27, 2014, the Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss Lee's claims against Eli Lilly.  (*See* the "R&R," ECF #18.)  The Magistrate Judge concluded that "Mr. Lee has not stated any plausible claim against Eli Lilly, and his complaint as to Eli Lilly lacks any arguable basis in law or fact."  (*Id.* at 5, Pg. ID 138.)  The Magistrate Judge then informed Lee that "[a]ny objections to this Report and Recommendation must be filed within fourteen (14) days…" (*Id.*)  The Magistrate Judge told Lee that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal," and that the "[f]iling of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation."  (*Id.*)

On November 10, 2014, Lee filed a motion to extend the time by which he needed to file his objections to the R&R.  (*See* ECF #19.) The Court granted Lee's motion on November 12, 2014.  (*See* ECF #20.)  In its Order, the Court specifically instructed Lee that each of his objections "**must specifically and precisely identify** the provision of the R&R to which the objection pertains."  (*Id.* at 3, Pg. ID 154; emphasis in original.)  The Court also told Lee that

> the failure to lodge specific objections to the Magistrate Judge's R&R constitutes a waiver of both his right to object and his right to appeal. *See, e.g., Thomas v. Arn,* 474 U.S. 140 (1985).  As this Court has previously held, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or

2

> simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). This finding is fully consistent with precedent from the United States Court of Appeals for the Sixth Circuit. That court has held that "the filing of vague, general, or conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009). Indeed, "[a] general objection to the entirety of the magistrate's report has the same effects as would failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless … The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* (quoting *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 2001)). Consistent with this precedent, the Court will not consider the merits of any vague, general, or conclusory objections to the R&R.

(*Id.* at 3-4, Pg. ID 154-155.)

Lee filed his objections to the R&R on December 3, 2014. (*See* the "Objections," ECF #21.) Despite the Court's clear and unambiguous instructions, Lee has not "specifically and precisely identif[ied] the provision[s] of the R&R to which [his] [O]bjection[s] pertain[]." Indeed, Lee's Objections appear to be just the kind of "general objection[s] to the entirety of the magistrate's report" that the Court previously cautioned Lee would have the same effect as not filing an objection at all. *See Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009).

3

To the extent the Court can discern any specific objections to the R&R, it appears that Lee believes that the Magistrate Judge relied "on the [initial] complaint instead of the … amended complaint" when the Magistrate Judge recommended that the Court dismiss Lee's claims against Eli Lilly. (ECF #21 at 2, Pg. ID 157.) However, Lee did not bring any claims against Eli Lilly in his initial Complaint, and thus the Magistrate Judge could not have relied upon that filing when he drafted his R&R, which focused solely on Lee's new claims against Eli Lilly. Moreover, the Court has reviewed the R&R and disagrees with Lee's conclusion that the Magistrate Judge improperly relied upon Lee's initial Complaint.

Lee also appears to object to the R&R on the grounds that "if [the Court] viewed side by side the Report and Recommendation and the defendants' motion to dismiss in this action it would be apparent they are nearly identical." (*Id.*) However, neither Defendant in this matter has filed a motion to dismiss – or any other motion. Therefore, it is not possible for the two documents to be "nearly identical."

Finally, the Court has reviewed the R&R and finds it well-reasoned and well-supported.

Accordingly, for all of the reasons stated above, **IT IS HEREBY ORDERED** that Lee's Objections to the Magistrate Judge's R&R (ECF #21) are **OVERRULED**. **IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (ECF #18) is **ADOPTED** as the Opinion of this Court. Lee's claims against Eli Lilly are hereby **DISMISSED**.

        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated: December 29, 2014

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 29, 2014, by electronic means and/or ordinary mail.

        s/Holly A. Monda
        Case Manager
        (313) 234-5113