UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EDWARD LEE,

       Plaintiff,                      No. 14-11722

v.                                     District Judge Matthew F. Leitman
                                       Magistrate Judge R. Steven Whalen

SAI LI, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On April 30, 2014, Plaintiff Robert Edward Lee filed a *pro se* civil complaint against Dr. Sai Li, a psychiatrist at the Center for Forensic Psychiatry. On August 1, 2014, he amended his complaint to add Eli Lilly Corporate Center ("Eli Lilly") as a Defendant [Doc. #5]. Eli Lilly has since been dismissed.[1] Before the Court at this time is Defendant Dr. Sai Li's motion for judgment on the pleadings [Doc. #32], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that the

---

[1] Ordinarily, an amended complaint supersedes the original. However, giving this *pro se* Plaintiff's pleadings a liberal construction, as we must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it is apparent that his amended complaint, which adds Eli Lilly, incorporates his original claim against Dr. Li. I will therefore discuss that claim on the merits.

complaint be DISMISSED WITH PREJUDICE.

## I. FACTS

Mr. Lee alleges that while he was a patient at the Center for Forensic Psychiatry ("CFP"), Dr. Sai Li, a psychiatrist, forced him to take medication that caused impotence, specifically Zyprexa. Plaintiff was at CFP from November 7, 2011 until his discharge on July 19, 2012. According to a psychiatric report appended to the complaint, Mr. Lee was referred to the CFP after being adjudicated incompetent to stand trial on one count of assault with intent to do great bodily harm less than murder and one count of felonious assault. The report confirms that he was prescribed Zyprexa.

The treatment records appended to the complaint show that his admitting diagnosis was paranoid schizophrenia. This was his fourth admission to CFP. Dr. Li noted that Plaintiff had been on conventional anti-psychotic medication, and that "a major challenge is his reluctance to take medications." Dr. Li informed Plaintiff of the indications and side effects of Zyprexa, and Plaintiff refused to take it. In his notes, Dr. Li wrote, "For the time being, I agreed to Mr. Lee's request not to start medications." Subsequent notes indicate that Plaintiff's condition would be monitored and evaluated, with a view to prescribing medications that would restore legal competency. Plaintiff was prescribed Zyprexa on discharge, with a recommendation to "continue to take his medications in order to maintain stability."

Also appended to the complaint is a letter to Mr. Lee, dated November 19, 2013,

from Nurse Practitioner Jacqueline M. Stoll of Detroit Central City Community Health, Inc. ("DCC"), stating that Mr. Lee received Zyprexa from January 17, 2013 until February 14, 2013, when he "reported difficulties with erectile dysfunction ('ED')." Stoll wrote that the Food and Drug Administration reported ED as a "known possible side effect" of Zyprexa. On March 14, 2013, DCC prescribed Risperdal, another psychotropic medication.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is evaluated under the same standards as a motion to dismiss under Fed.R.Civ.P. 12(b)(6), for failure to state a claim on which relief can be granted. *Lindsay v. Yates*, 498 F.3d 434, 437, n.5 (6th Cir. 2007)("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same...."). In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

from Nurse Practitioner Jacqueline M. Stoll of Detroit Central City Community Health, Inc. ("DCC"), stating that Mr. Lee received Zyprexa from January 17, 2013 until February 14, 2013, when he "reported difficulties with erectile dysfunction ('ED')." Stoll wrote that the Food and Drug Administration reported ED as a "known possible side effect" of Zyprexa. On March 14, 2013, DCC prescribed Risperdal, another psychotropic medication.

## II.   STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is evaluated under the same standards as a motion to dismiss under Fed.R.Civ.P. 12(b)(6), for failure to state a claim on which relief can be granted. *Lindsay v. Yates*, 498 F.3d 434, 437, n.5 (6th Cir. 2007)("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same...."). In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

Mr. Lee alleges that while he was a patient at the Center for Forensic Psychiatry ("CFP"), Dr. Sai Li, a psychiatrist, forced him to take medication that caused impotence, specifically Zyprexa. Because Plaintiff was a pretrial detainee who was at CFP for a

competency evaluation, his claim of deliberate indifference to his medical well-being is governed by the Fourteenth Amendment due process clause. However, the analysis is the same as it would be under the Eighth Amendment. *Miller v. Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005).

The Supreme Court has held that prisoners have a constitutional right, under the Eighth Amendment, to medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

However, mere negligence or misdiagnosis of an ailment does not rise to the level of a constitutional violation. *Estelle,* 429 U.S. at 106; *Comstock,* 273 F.3d at 703. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151,

154 (6th Cir. 1999), citing *Estelle v. Gamble, supra* ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition").

There are several problems with Plaintiff's claim that Dr. Li violated any constitutional right by prescribing Zyprexa. First, Dr. Li was aware of and informed Plaintiff of possible side effects of Zyprexa. Dr. Li was also aware of Plaintiff's psychiatric condition, and that Plaintiff had been non-compliant with other psychotropic medications. The Court should not second-guess Dr. Li's professional judgment that Zyprexa was indicated. *Westlake v. Lucas, supra*.

Secondly, Dr. Li did not "force" Plaintiff to take Zyprexa. To the contrary, he agreed, at least initially, to honor Plaintiff's request not to start medications.

Third, when Plaintiff was discharged from the CFP on July 19, 2012, he was given a prescription for Zyprexa with a *recommendation* that he take it to maintain stability. And from January 17, 2013 until February 14, 2013–long after he was discharged from the CFP–Plaintiff in fact took Zyprexa that was provided not by Dr. Li, but by the DCC. Based on his complaints, made six months after he left Dr. Li's care, DCC changed his prescription to Risperdal, another psychotropic medication.

The Plaintiff has pled nothing more than his disagreement with Dr. Li's recommendation that Zyprexa was the most appropriate medication for his psychiatric condition. Indeed, he took Zyprexa voluntarily well after his discharge from the CFP. In short, he has not made out a plausible claim of deliberate indifference, and the complaint

should therefore be dismissed.

## IV.    RECOMMENDATION

I recommend that Dr. Li's motion for judgment on the pleadings [Doc. #32] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: March 3, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 3, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager to the<br>
Honorable R. Steven Whalen