UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE,

    Plaintiff,                                    Case No. 14-cv-11722
                                                Hon. Matthew F. Leitman

v.

SAI LI,

    Defendant.
_____/

**<u>ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE
IN PART PLAINTIFF'S MOTION TO REJECT ORDER AND AN
EXTENSION OF TIME (ECF #48)</u>**

On March 3, 2016, Magistrate Judge R. Steven Whalen issued a report and recommendation in which he recommended that this Court grant Defendant Dr. Sai Li's ("Dr. Li") motion for judgment on the pleadings (the "R&R"). (*See* ECF #46.) At the conclusion of the R&R, the Magistrate Judge informed the parties that "[a]ny objections to this Report and Recommendation must be filed within fourteen (14) days…" (*Id.* at 7, Pg. ID 341.) The Magistrate Judge then told the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal," and that the "[f]iling of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation." (*Id.*)

1

Plaintiff Robert Lee ("Lee") timely filed a response to the R&R in which he appears to (1) raise some objections to the R&R and (2) ask the Court for additional time to file further objections (the "Motion"). (*See* ECF #48.) Having reviewed the Motion, **IT IS HEREBY ORDERED THAT** Lee's request for additional time to file objections to the R&R is **GRANTED** as set forth below. The Motion in all other respects is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED THAT** Lee must file all objections that he may have to the R&R with the Court no later than **April 15, 2016.** To be clear, the Clerk of the Court must **receive** Lee's objections no later than April 15, 2016. Lee must therefore submit and/or mail to the Court any objections sufficiently in advance to ensure that the Court receives the objections no later than April 15, 2016.

Each of Lee's objections must **specifically and precisely identify** the provision of the R&R to which the objection pertains. Lee is again cautioned that the failure to lodge specific objections to the R&R constitutes a waiver of both his right to object and his right to appeal. *See, e.g., Thomas v. Arn,* 474 U.S. 140 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Indeed, "[a] general objection to the

entirety of the magistrate's report has the same effects as would failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230. Finally, "the filing of vague, general, or conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.*

    **IT IS SO ORDERED**.

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: March 24, 2016

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 24, 2016, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (313) 234-5113