UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EDWARD LEE,

    Plaintiff,                                            Case No. 14-cv-11722
                                                                                          Hon. Matthew F. Leitman

v.

SAI LI, MD,

    Defendant.

_____/

**ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF #46), (2) OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION (ECF #49), AND (3) GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF #32)**

In this action, Plaintiff Robert Lee ("Lee") alleges, among other things, that while he was a patient at the Center for Forensic Psychiatry, Defendant Dr. Sai Li ("Dr. Li"), a psychiatrist, forced him to take medication that caused certain side effects. (*See* Am. Compl. ECF #5.) Dr. Li moved for judgment on the pleadings on July 16, 2015 (the "Motion"). (*See* ECF #32.) The assigned Magistrate Judge issued a report and recommendation on March 3, 2016, in which he recommended that the Court grant the Motion (the "R&R"). (*See* ECF #46.)

On March 23, 2016, Lee filed a motion with the Court asking for to extend the time to file objections to the R&R (the "Motion to Extend Time"). (*See* ECF #48.) The Court granted the Motion to Extend Time and instructed Lee to file his objections to the R&R by no later than April 15, 2016. (*See* ECF #49 at 2, Pg. ID

1

350.) The Court further instructed Lee that his objections needed to specifically respond to the portions of the R&R to which he objected, and that the failure to file such specific objections would result in a waiver of both his right to object and to appeal this Court's ruling:

> Each of Lee's objections must **specifically and precisely identify** the provision of the R&R to which the objection pertains. Lee is again cautioned that the failure to lodge specific objections to the R&R constitutes a waiver of both his right to object and his right to appeal. *See, e.g., Thomas v. Arn,* 474 U.S. 140 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Indeed, "[a] general objection to the entirety of the magistrate's report has the same effects as would failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230. Finally, "the filing of vague, general, or conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.*

(*Id.* at 2-3, Pg. ID 350-51; emphasis in original.)

Lee filed his objections on April 14, 2016, in a filing Lee titled "Count I $200,000/Motion for R&R" (the "Objections"). (*See* ECF #50.) The Court has reviewed Lee's filing and cannot discern any specific objections to the R&R. Lee does ask for additional time to respond to the R&R, but Lee does not explain why the extra time the Court has already provided is not sufficient, nor why he needs more time to respond to the R&R. Lee also appears to object to the fact that he

2

was not allowed to conduct discovery, but the Court does not believe discovery is warranted. Finally, the Court has reviewed the R&R and finds it well-reasoned and well-supported.

Accordingly, **IT IS HEREBY ORDERED** that Lee's Objections to the R&R (ECF #49) are **OVERRULED**. **IT IS FURTHER ORDERED** that the R&R (ECF #46) is **ADOPTED** as the Opinion of this Court. Dr. Li's Motion for Judgment on the Pleadings (ECF #32) is **GRANTED** for the reasons stated in the R&R, and Lee's claims against Dr. Li are **DISMISSED WITH PREJUDICE**.[1]

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

---

[1] Lee has also filed a document with the Court titled "Motion to Plead." (*See* ECF #45.) To the extent the "Motion to Plead" requests any relief, the Court **DENIES** the motion as moot.